UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DYRELL W. JONES,

        Plaintiff,

    v.

COUNTY OF CONTRA COSTA; *et al.*,

        Defendants.
_____/

No. C-13-4350 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND FOR PLAINTIFF JONES**

## I. INTRODUCTION

A procedural problem unique in prisoner litigation has arisen in this *pro se* civil rights action under 42 U.S.C. § 1983. Although one inmate filed the original complaint, two additional inmates signed the first amended complaint. The Court now considers whether the three incarcerated *pro se* Plaintiffs should proceed together in a single action or instead should be required to each maintain a separate action. For the reasons discussed below, the Court concludes that each Plaintiff should proceed in a separate action. Plaintiff Dyrell Jones will be permitted to file a second amended complaint alleging only his own claims, and the other two Plaintiffs will be dismissed without prejudice to each one of them filing a separate action.

## II. BACKGROUND

In the first amended complaint, the three Plaintiffs complain about conditions of confinement at the Martinez Detention Facility ("MDF"). They allege that officials at MDF have a "custom, practice and policy" to put "pre-trial detainees of their selection and choosing" in administrative segregation without due process and for long periods of time. Docket # 5 at 6. Plaintiffs were put in administrative segregation in different years, and for very different lengths of time – 64 months

for one, 25 months for another, and 7 months for the third one. *Id.* at 8. Plaintiffs also attempt to assert claims on behalf of a class of similarly situated inmates and request class certification. *Id.* at 3-4.

Although the three Plaintiffs were inmates at MDF when the first amended complaint was filed, one of them has been transferred to San Quentin State Prison. *See* Docket # 10.

### III.  DISCUSSION

"A district court possesses inherent power over the administration of its business." *Spurlock v. FBI*, 69 F.3d 1010, 1016 (9th Cir. 1995). This power includes the authority to promulgate and enforce rules for the management of litigation and its docket. *Id.* (citations omitted). Basic case management principles of delay reduction and avoidance of confusion call for Plaintiffs to proceed in separate actions.

Plaintiffs are not housed together, and cannot readily meet to discuss and prosecute this action. Plaintiff Nerrah Brown is not even at the jail, as he has been transferred to San Quentin State Prison. It cannot be determined whether Plaintiffs Dyrell Jones and Coby Phillips are housed in the same housing unit or in the same cell. Due to the allegedly lengthy confinement to quarters in administrative segregation, they cannot easily communicate with each other unless they are cellmates. Even if Jones and Phillips are currently cellmates, there is no guarantee that they will remain so for the duration of this litigation.

Under the circumstances, Plaintiffs' physical separation will inevitably and significantly impact the litigation of this action. As *pro se* litigants, none of the plaintiffs has the authority to represent the others. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("[A] litigant appearing in propria persona has no authority to represent anyone other than himself."). Thus, this action will stall as any document to be filed is shuttled back and forth between Plaintiffs until all three are comfortable with signing it. The glacial pace of Plaintiffs' communications with each other will result in extensive delays at each point in the litigation where they are required to file anything with the Court. One alternative is to permit Plaintiffs to file separate documents, but this essentially results in three actions within an action, which has few benefits to match the substantial confusion caused by it.

The nature of the claims alleged also suggests that it would be less confusing for the parties and the Court if Plaintiffs proceeded separately. Each Plaintiff has different facts. Each allegedly was put in administrative segregation on a different date – one in September 2011, one in February 2013, and one in May 2013 – and each spent a different length of time in ad-seg. It is possible that different reasons supported the placement decisions for each Plaintiff. There are sixteen named Defendants (without allegations as to any Defendant's role in the deprivation of any Plaintiff's constitutional rights); it may be that some Defendants have potential liability only as to one of the three Plaintiffs. The claims will be easier to litigate if they are brought separately, rather than as a single tangled knot.

The first amended complaint will be dismissed with leave for only Mr. Jones to file a second amended complaint in this action. In preparing his second amended complaint, Mr. Jones must allege facts showing the basis for liability for each defendant. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In his second amended complaint, Mr. Jones must link individual defendants to each of his claims. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights. *See Monell v. Dep't of Social Servs.,*436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell,*436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.

3

*See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

    Mr. Jones also needs to state in his second amended complaint what his status was at the relevant time, i.e., whether he was in custody serving a sentence on a conviction, was in custody on a parole violation, was in custody awaiting trial, or some for some other reason.

    The class action allegations are dismissed because *pro se* prisoner-plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of a class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

## IV. CONCLUSION

    For the foregoing reasons, the Court exercises its inherent power over the administration of its business and orders that each plaintiff proceed in a separate action, rather than as co-plaintiffs.

    The first amended complaint is dismissed. Only Mr. Jones is granted leave to file a second amended complaint in compliance with the directions in this order. The second amended complaint must be filed no later than **December 20, 2013**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Mr. Jones is cautioned that his second amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.")

    Keenan G. Wilkins a/k/a Nerrah Brown and Coby Phillips are dismissed as plaintiffs in this action, so that only Mr. Jones will remain as a plaintiff in this action. The dismissal of Mr. Wilkins and Mr. Phillips is without prejudice to each of them filing his own civil rights action in which he may complain about violations of his own civil rights. The dismissed plaintiffs should act diligently to pursue their own actions in order to avoid being time-barred under the applicable statute of limitations. *See* Cal. Code Civ. Proc. § 335.1 (two-year residual statute of limitations).

The *in forma pauperis* applications of Mr. Wilkins and Mr. Phillips are **DISMISSED** as unnecessary since they will not be remaining in this action and must file their own actions. (Docket # 6 and # 7.) Neither Mr. Wilkins nor Mr. Phillips owes any filing fee for this action. The Court will rule on Mr. Jones' *in forma pauperis* application in a separate order.

IT IS SO ORDERED.

Dated: November 19, 2013

_____
EDWARD M. CHEN
United States District Judge