UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYRELL W. JONES, | No. C-13-4350 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER DENYING RECONSIDERATION AND REQUIRING SECOND AMENDED COMPLAINT** |
| COUNTY OF CONTRA COSTA; *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

This *pro se* prisoner's civil rights action originally was filed by Dyrell Jones. Although only he signed the original complaint, two additional inmates signed the first amended complaint. The Court determined that each plaintiff had to proceed in a separate action for the reasons explained at pages 2-3 of the Order Of Dismissal With Leave To Amend For Plaintiff Jones (Docket # 12.). Plaintiffs Coby Phillips and Keenan Wilkins were dismissed from this action, without prejudice to each of them filing a new action asserting his own claims. The Court also dismissed the class action allegations because the *pro se* prisoners were inadequate class representatives. The Court granted leave to amend only for Dyrell Jones, and explained that he needed to link each of the dozens of defendants to his § 1983 claims. *See* Docket # 12 at 3-4.

Thereafter, Keenan Wilkins filed a "request for reconsideration, ruling on unaddressed pleading and/or request for certification for interlocutory appeal" and Dyrell Jones filed a "request to give and receive clarification to the court." This order addresses those requests.

## II. **DISCUSSION**

A.   Request For Reconsideration Or Certification For Interlocutory Appeal

Keenan Wilkins requested reconsideration of the Court's decision to dismiss him as a plaintiff in this action. He contends, among other things, that the Court should have addressed the request for appointment of counsel before determining that the three plaintiffs had to pursue their claims in separate actions because appointment of counsel would have alleviated the Court's concerns and perhaps enabled them to proceed as a class action. The Court disagrees that it is required to proceed in any particular order to decide the issues presented by the filing of a pleading from three prisoner-plaintiffs. By waiting until it determines that there is a viable complaint from a plaintiff that will be served on one or more defendants before deciding a request for appointment of counsel, the Court is able to make better use of the very limited number of attorneys who have volunteered to represent indigent prisoner-plaintiffs.

Assuming arguendo the Court should have addressed the request for appointment of counsel before dismissing two of the plaintiffs and assuming arguendo that the dismissed plaintiffs had been allowed to proceed as paupers, the Court now addresses the request for counsel. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiffs to articulate the claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. The request for appointment of counsel made within the first amended complaint is DENIED.

Mr. Wilkins' other arguments for reconsideration are rejected. The Court's reasons for dismissing Mr. Wilkins from this action were correct and will not be disturbed. The request for reconsideration is DENIED. (Docket # 14.)

Mr. Wilkins also requests that the Court certify the order at Docket # 12 for interlocutory appeal if it denies his request for reconsideration. The request to certify the order for an

interlocutory appeal is DENIED because the challenged decision does not meet the high standards for an interlocutory appeal. First, the order did not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Second, an immediate appeal from the order would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). To the contrary, an immediate appeal would prolong the litigation, likely to the detriment of Plaintiff Dyrell Jones and the defendants, whose day in the district court would have to wait until Mr. Wilkins has his day in the appellate court. As the Court explained in an earlier order, the dismissal of Mr. Wilkins from this action was without prejudice to him filing his own action pursuing his own claims. That avenue remains open to him. The Court will not certify the order at Docket # 12 for an interlocutory appeal. Mr. Wilkins has been dismissed from this action and no further motions or requests from him will be entertained in this action.

B.   Mr. Jones' "Clarification" Request

Mr. Jones did not file the second amended complaint he was ordered to file. Instead, he filed a "request to give and receive clarification to the court," in which he provided some information and asked questions about the adequacy of the first amended complaint. This kind of response is not a wise course of action: when the Court orders a litigant to do something (here, to file a second amended complaint), he should comply with that order rather than take an alternate path that he thinks works better for him. In the interest of expediting the resolution of this action, the Court will, however, provide further information about the deficiencies of the first amended complaint, and again give Mr. Jones leave to file a second amended complaint. If he does not file a second amended complaint that complies with this order, the action will be dismissed.

One of the main problems with the first amended complaint stems from the breadth of it, as it tries to assert the claims of the three named plaintiffs and perhaps dozens or hundreds of other inmates. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). By alleging the range of experiences different inmates encountered, the first amended complaint failed to provide a short and plain

statement of Mr. Jones' claims.  He has no standing to assert claims on behalf of other inmates, so the only facts that really matter for him are the facts that he experienced.  A reader of the first amended complaint cannot determine exactly what facts apply to Mr. Jones.  Although the first amended complaint has many allegations with this same problem, two examples will illustrate the problem.  The first amended complaint also alleges that inmates received varying responses when they asked for a hearing, but does not allege what response, if any, Mr. Jones received.  *See* Docket # 5 at 7.[1]  The first amended complaint alleges that inmate medical visits are conducted at the cell doors within earshot of other inmates and that "usually" staff marks that the inmate refused if he won't accept an appointment at his door, *see id.* at 11, but there is no allegation that Mr. Jones ever chose not to accept a medical visit at his cell door, ever was marked as having refused the appointment, or that any consequences flowed from being marked as having refused a visit.  The majority of the allegations in the first amended complaint do not mention Mr. Jones in particular and therefore leave the reader guessing as to whether those allegations do or do not apply to him.  The indefiniteness caused by the generalized nature of the allegations prevents the Court from determining whether Mr. Jones has stated claims for a violation of *his* constitutional rights.  *See generally Barry v. Ratelle*, 985 F. Supp. 1235, 1239 (S. D. Cal. 1997) ( "Disjunctive allegations in a complaint are usually defective because they do not adequately advise defendants of the allegation to defend against."); *see, e.g., id.* (allegation that defendant knew or should have known failed to state an 8th Amendment claim because actual knowledge was required for the mental state element of the claim).  The second amended complaint must describe Mr. Jones' experiences (and not those of other inmates) that he believes resulted in violations of *his* constitutional rights.

A related problem is that the Court does not sit to decide hypothetical claims.  Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to "Cases" and

---

[1] The first amended complaint, signed by three plaintiffs and purportedly made on behalf of them and many more inmates, alleges: "When plaintiff's submit a request or grievance seeking due process or release from ad-seg, MDF officials send a response back with vague comments *such as* 'You are properly house for the safety and security of the facility.' [¶] *At other times* MDF officials provide confusing, ambiguous responses. . . . [¶] *If* an ad-seg detainee does not submit a request or grievance he will never receive any type of notice, reasons, explanation or due process at all." Docket # 5 at 7 (italics added; errors in source).

"Controversies." That constitutional provision encompasses the related concepts of ripeness, standing and mootness. The federal courts' "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc ). "Whether the question is viewed as one of standing or ripeness," there must exist a constitutional case or controversy, i.e., the issues must be "definite and concrete, not hypothetical or abstract." *Id.* at 1139 (quoting *Railway Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)). Here, the overly broad first amended complaint contains claims that may or may not meet the case or controversy requirement for the remaining plaintiff. The Court will not read through the 27-page first amended complaint and do a hypothetical analysis to determine that *if* Mr. Jones was among the inmates who experienced a particular problem, *then* he could state a claim for a violation of his constitutional rights. Mr. Jones must present a pleading that alleges his own personal experiences and claims, and then the Court will evaluate whether those allegations state a claim upon which relief may be granted.

The same problem of indefiniteness as to the claims also exists for most of the defendants. The first amended complaint has about twelve pages of factual allegations without any mention of any defendant, followed by about seven pages of allegations pertaining to defendants. The document lumps most individual defendants together as groups and alleges that they are liable for the various problems experienced by many inmates. *See, e.g.,* Docket # 5 at 23 (listing 31 defendant who worked in ad-seg housing and "daily and directly enacted the unconstitutional conditions listed in claims 3, 4, 6, 7, 8, 9 and 10 on each and every day they were assigned to work D-module from May 2008 to current date"). Without clear allegations as to what Mr. Jones experienced and which particular defendant(s) played a role in each such problem, a claim is not stated against any particular defendant. In his second amended complaint, Mr. Jones must link individual defendants to each of his claims. He should not refer to them as a group (e.g., "the defendants"); rather, he must identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

The allegations against the municipal defendants (i.e., Contra Costa County and Sheriff Livingston as a policy-maker) fail to state a claim against them. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conduct conformed to a policy, custom or practice. *See id.* at 636-68. In "limited circumstances," a municipal policy may be based upon the local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). In order to be a policy, the local government's failure to supervise, monitor or train must amount to deliberate indifference to the rights of the people with whom the local government's employees come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Long v. County of Los Angeles*, 442 F.3d 1178, 1188-89 (9th Cir. 2006). Only where a failure to supervise and train reflects a "'deliberate' or 'conscious' choice'" by a local government can the "shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Harris*, 489 U.S. at 389. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary'" to establish that the failure to train or supervise is a deliberate policy. *Connick*, 131 S. Ct. at 1360. In his second amended complaint, Mr. Jones must plead sufficient facts regarding the

specific nature of each alleged policy, custom or practice in order to state a claim against the municipal defendants.

The allegations against the supervisor defendants also are insufficient to state a claim. A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011)

### III.   CONCLUSION

Mr. Wilkins' request for reconsideration or certification for interlocutory appeal is DENIED. (Docket # 14.)  Mr. Jones' request to give and receive clarification is DENIED.  (Docket # 16.)

Mr. Jones must file a second amended complaint that complies with the directions in this order and the order at Docket # 12.  The second amended complaint must be signed by him, must be filed no later than **April 25, 2014**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page.  Mr. Jones is cautioned that his second amended complaint must be a complete statement of his claims.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.")  Failure to file the second amended complaint will result in the dismissal of this action.

The Clerk shall serve a copy of this order on Mr. Jones, as well as the two dismissed plaintiffs, i.e., Mr. Phillips and Mr. Wilkins.  Thereafter, the Clerk shall remove Mr. Phillips and Mr. Wilkins from the service list for this case as they have been dismissed from the action.

IT IS SO ORDERED.

Dated: March 20, 2014

_____
EDWARD M. CHEN
United States District Judge